Joseph **BELLISANO**

v.

**UNITED STATES** of America (respondent), Appellant

and

**John W. McGrath Corporation** (impleaded respondent).

No. 12183.

United States Court of Appeals Third Circuit.

Argued June 7, 1957.

Decided July 1, 1957.

James B. Magnor, Kirlin, Campbell & Keating, Vernon S. Jones, New York City (Chester Weidenburner, U. S. Atty. for the District of New Jersey, Newark, N. J., on the brief), for respondent-petitioner-appellant.

Edward V. Ryan, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

PER CURIAM.

The United States of America, the respondent-petitioner-appellant, and the owner of the vessel on which Bellisano, a longshoreman, was injured, seeks reversal of the judgment and asks that the case be remanded to the end that the United States may have the benefit of an assessment of damages alleged to be due from McGrath Corporation, appellee-impleaded-respondent. The point at issue is a comparatively narrow one. The trial court found that the accident to Bellisano occurred because the burton winch, operated by McGrath Corporation, "conked out" and did not re-

spond properly to its control, causing the cargo to swing upon Bellisano, injuring him. The appellant takes the position that the accident could not have occurred as the trial court found; that undisputed and incontrovertible evidence demonstrated that the injury happened because the respective operators of the burton winch and the up-and-down winch failed to coordinate the speed of the two winches plus the "sub-normal" operating condition of the winches; and that these circumstances bring the case squarely within the provisions of the stevedoring contract which entitles the United States to indemnification.

We have examined the record and we cannot agree. How the accident occurred was a question of fact and we cannot say that the evidence unequivocally supports the appellant's position and that therefore the finding of the trial court was clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.

The judgment will be affirmed.